UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-350-KSF

CHARLES W. COLLINS                                                                PLAINTIFF

v.                                      **OPINION & ORDER**

ADMINISTRATIVE OFFICE OF THE (KENTUCKY)
COURTS, AND LAURIE K. DUGEON, AND
LEXIS-NEXIS, INC.                                           DEFENDANTS

\* \* \* \* \* \* \* \*

Charles W. Collins is an inmate formerly[1] confined in the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Collins has filed a complaint asserting claims under the Fair Credit Reporting Act and the federal Constitution. The named defendants are: (1) the Administrative Office of the (Kentucky) Courts; (2) Laurie K. Dugeon, individually; and (3) LEXIS-NEXIS, INC.

The Court must conduct a preliminary review of Collins' complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government entities and/or officials. 28 U.S.C. § 1915(e)(2); 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wigglesworth*, 114

---

[1] Based on a review of other cases pending in this Court in which Collins is a party, the Court concludes that Collins has been released from the Fayette County Detention Center.

F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Collins' complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Collins' factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-556 (2007).

Having reviewed the complaint, the Court will dismiss it because Collins has not stated any grounds entitling him to relief. The Court will also deny as moot his motion seeking a stay and appointment of counsel.

## ALLEGATIONS OF THE COMPLAINT

In his first claim, Collins alleges that in October 2011, he applied for employment with ACS-XEROX, Inc. He states that he was called for an interview and hired pending a background check. He claims that LEXIS-NEXIS supplied a report that contained information about a previous arrest. When he contacted LEXIS-NEXIS, he claims that he was informed that the Administrative Office of the (Kentucky) Court (the "AOC") supplied the information. Collins then contacted the AOC in November 2011 and requested that they not supply any information other than his felony conviction. A second report issued in December 2011 supplying the same information, and Collins was rejected for employment. He claims the information supplied by the AOC to LEXIS-NEXIS was in violation of the Fair Credit Reporting Act.

In his second claim, Collins alleges that the AOC and Laurie K. Dugeon provided the information to LEXIS-NEXIS in retaliation for civil litigation that Collins previously initiated and his efforts to expose government corruption. He contends that their willful and intentional reporting of information to LEXIS-NEXIS violated the Fair Credit Reporting Act.

**DISCUSSION**

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, is remedial legislation, which is to be liberally construed in favor of consumers. *See Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961 (6th Cir. 1998). Simply stated, it regulates credit reports, provides guidelines for credit reporting agencies and entities that furnish consumer information to credit reporting agencies, and provides protections for consumers. *See* 15 U.S.C .§ 1681(a). The FCRA covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies.

In this case, the Administrative Office of the (Kentucky) Courts and its Director, Laurie K. Dungeon, do not fall under the definition of a credit reporting agency, which is defined as

> any person which, for monetary fees, dues or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating ... information on consumers for the purposes of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f). If they fall into any category at all, the AOC and Dungeon are furnishers of information to credit reporting agencies.

The FCRA imposes two broad duties on entities that furnish information to a credit reporting agency. First, there is the duty to provide accurate information as set out in § 1681s-2(a). Second, there is the duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency as set out in § 1681s-2(b). Collins fails to state a claim for a violation of either duty.

With respect to the duty to provide accurate information, there is no private right of action for consumers against furnishers of information. *See e.g. Carney v. Experian Info. Solutions, Inc.*,

57 F.Supp.2d 496, 502 (W.D.Tenn. 1999); *Ruggiero v. Kavlich*, 411 F.Supp.2d 734 (N.D. Ohio 2005). Enforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials. 15 U.S.C. § 1681s-2(d). Therefore, Collins may not sue the AOC or Dugeon for allegedly furnishing inaccurate information.

In order to state a claim under the duty set out in 1681s-2(b) to undertake an investigation, Collins "must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Downs v. Clayton homes, Inc.*, 88 Fed.Appx. 851, 854 (6th Cir. 2004). In this case, there is no allegation that a consumer reporting agency notified AOC or Dungeon of a dispute that would trigger the duty to undertake an investigation. Therefore, his FCRA claim against the AOC and Dungeon fails to state a claim and will be dismissed.

Collins' claims against LEXIS-NEXIS are based on his allegation that they improperly supplied information about an arrest. According to Collins, the FCRA only allows information about felony convictions in the last seven years. Collins, however, has failed to cite to any provision of the FCRA that precludes the release of an individual's arrest record.

Section 1681d of the FCRA provides certain requirements with regard to "investigative consumer reports," which are defined as:

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information. . . .

15 U.S.C. § 1681a(e). Specifically, § 1681d provides that:

> Except as otherwise provided in section 1681k of this title, a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction,

> . . . unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished.

15 U.S.C. § 1681d(d)(3). Clearly, this statute contemplates the release of an individual's arrest record. As a result, his claim against LEXIS-NEXIS fails.

Finally, Collins has filed a motion to stay this proceeding until counsel can be found on his behalf [DE #7]. Because this proceeding will be dismissed, Collins' motion seeking a stay will be denied as moot.

### CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Collins' complaint [DE #1] is **DISMISSED WITH PREJUDICE**;

2. Collins' motion to stay this proceeding [DE #7] is **DENIED AS MOOT**;

3. The Court will enter an appropriate judgment;

4. The Clerk of Court shall serve a copy of this order and judgment on defendant at his address as shown in Criminal Action No. 5:07-cr-155, *United States v. Collins*; and

5. This action is **STRICKEN** from the active docket.

This September 18, 2013.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge